UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

| | |
|---|---|
| MILTON PARAJON and JERMAN TYMER, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| COAKLEY MECHANICAL, INC., a Florida | ) |
| corporation, RCI AIR CONDITIONING | ) |
| COMPANY, a Florida corporation, MUNILLA | ) |
| CONSTRUCTION MANAGEMENT, LLC, a | ) |
| Florida limited liability company, ODEBRECHT | ) |
| CONSTRUCTION, INC., a Florida corporation, | ) |
| TAG GENERAL CONTRACTORS, INC., a | ) |
| Florida corporation, TURNER CONSTRUCTION | ) |
| COMPANY, a foreign corporation, THOMAS | ) |
| MALDONADO, and MIKE RICKLICK, jointly | ) |
| and severally, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Milton Parajon and Jerman Tymer (collectively, the "Plaintiffs"), by and through their undersigned counsel and pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), the Miami-Dade County Responsible Wages Ordinance, §2-11.16 of the Code of Miami-Dade County, including the applicable Responsible Wages and Benefits Schedule (the "Responsible Wages Ordinance"), and the Miami-Dade County Wage Theft Ordinance, §22 of

1

the Code of Miami-Dade County (the "Wage Theft Ordinance"), bring this Complaint against Defendants, RCI Air Conditioning Company ("RCI"), Coakley Mechanical, Inc. ("Coakley"), Munilla Construction Management, LLC ("MCM"), Odebrecht Construction, Inc. ("Odebrecht"), TAG General Contractors, Inc. ("TAG"), Turner Construction Company ("Turner"), Thomas Maldonado, and Mike Ricklick (RCI, Coakley, MCM, Odebrecht, TAG, Turner, Thomas Maldonado, and Mike Ricklick are collectively hereafter referred to as "Defendants"), and state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b) of the FLSA, as amended (29 U.S.C. §201, et. seq.), to recover unpaid overtime compensation, and over Plaintiffs employment retaliation claims pursuant to 29 U.S.C. §215(a)(3) of the FLSA.

2.      This Court has supplemental jurisdiction over Plaintiffs' employment retaliation claims under the Responsible Wages Ordinance and over Plaintiffs' claims to recover compensation under the Responsible Wages Ordinance and the Wage Theft Ordinance pursuant to 28 U.S.C §1367 because they are directly related to Plaintiffs' federal claims and form part of the same case or controversy.

3.      Pursuant to 28 U.S.C. §1391(b)(2), venue for this action properly lies in this Honorable Court because Plaintiffs' claims arose in Miami-Dade County, Florida.

## THE PARTIES

4.      Plaintiff Milton Parajon is an individual residing in Miami-Dade County, Florida and is *sui juris*. At all times material hereto, Plaintiff Parajon was a resident of Miami-Dade County, Florida.

5.      Plaintiff Jerman Tymer is an individual residing in Miami-Dade County, Florida and is *sui juris*. At all times material hereto, Plaintiff Tymer was a resident of Miami-Dade County, Florida.

6.      Defendant Coakley is a Florida corporation with its principal place of business in Miami-Dade County, Florida. At all times material hereto, Coakley was transacting business in Miami-Dade County, Florida.

7.      Defendant RCI is a Florida corporation with its principal place of business in Miami-Dade County, Florida. At all times material hereto, RCI was transacting business in Miami-Dade County, Florida.

8.      Defendant MCM is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. At all times material hereto, MCM was transacting business in Miami-Dade County, Florida.

9.      Defendant Odebrecht is a Florida corporation with its principal place of business in Miami-Dade County, Florida. At all times material hereto, Odebrecht was transacting business in Miami-Dade County, Florida.

10.     Defendant TAG is a Florida corporation with its principal place of business in Orange County, Florida. At all times material hereto, TAG was transacting business in Miami-Dade County, Florida.

11.     Defendant Turner is a foreign corporation with its principal place of business in New York County, New York. At all times material hereto, Turner was transacting business in Miami-Dade County, Florida.

12.     Defendant Thomas Maldonado is an individual residing in Miami-Dade County, Florida and is *sui juris*. At all times material hereto, Defendant Maldonado resided in Miami-Dade County, Florida.

13.     Defendant Mike Ricklick is an individual residing in Miami-Dade County, Florida and is *sui juris*. At all times material hereto, Defendant Ricklick resided in Miami-Dade County, Florida.

14.     MCM, Odebrecht, TAG, and Turner are general contractors.

15.     As general contractors, MCM, Odebrecht, TAG, and Turner bid for construction contracts awarded by Miami-Dade County.

16.     As general contractors, MCM, Odebrecht, TAG, and Turner subcontract part of the work to be done under their awarded construction contracts to other specialized companies.

17.     Coakley is a contractor specializing in a wide range of mechanical services, including piping and welding, chillers, cooling towers, boilers, and pumps.

18.     RCI is a contractor specializing in commercial and industrial air conditioning units.

19.     Mike Ricklick is the Director, President, Secretary, and Treasurer of RCI, and upon information and belief, he owns a substantial percentage of RCI's equity.

20.     Thomas Maldonado is the Vice-President of RCI and is, among other things, responsible for overseeing RCI's operations and for payment to RCI's employees.

21.     At all times material hereto, Thomas Maldonado and Mike Ricklick exercised operational and financial control of RCI's day-to-day functions, including full control over RCI's compensation of employees.

## NATURE OF THE CASE

22.     From approximately March 2013 through October 2016, Plaintiffs were employed by RCI and/or Coakley as sheet metal workers, foremen, and/or general foremen.

23.     The Responsible Wages Ordinance applies to Miami-Dade County construction contracts and privately funded construction on land owned by Miami-Dade County.

24.     Over the course of their employment at RCI and Coakley, Plaintiffs performed services at various public institutions in Miami-Dade County, including but not limited to services performed at Miami International Airport, Northwestern High School, Richmond Elementary School, Anayda Elementary School, and L. Saunders Elementary School (individually, each is hereinafter referred to as a "Project," and collectively, hereinafter referred to as the "Projects").

25.     The Projects were undertaken pursuant to contracts awarded by Miami-Dade County to general contractors (the "Contracts") who, under the Responsible Wages Ordinance, are referred to as "prime contractors."

26.     The Contracts, having been awarded by Miami-Dade County, are subject to the Responsible Wages Ordinance, as are the prime contractors and each subcontractor working on any project subject to the Responsible Wages Ordinance.

27.     The Wages and Benefits Schedule of the Responsible Wages Ordinance (the "Wages and Benefits Schedule"), which specifies the hourly rate to be paid by employers to each craft or type of employee necessary to perform any work subject to the Responsible Wages Ordinance, applies to competitively bid constructions contracts with a value greater than $100,000 (the "Contract Value Threshold").

28.     Upon information and belief, each of the Contracts that are material hereto exceeds the Contract Value Threshold, and is therefore subject to the hourly rate requirements of the Responsible Wages Ordinance.

29.     All employees working on any project subject to the Responsible Wages Ordinance must be paid the hourly rate and benefits listed in the applicable Wages and Benefits Schedule in effect as of January 1st of the year the work is performed (the "Compensation Requirement").

30.     The Compensation Requirement requires that for any classification of workers, the hourly rate paid must equal the sum of the base rate and the fringe benefit rates (including hospitalization, medical, pension, and life insurance benefits) listed for that classification of work being performed in the Wage and Benefits Schedule.

31.     The Compensation Requirement requires that workers be paid the appropriate base rate and fringe benefits on the Wage and Benefits Schedule for the classification of work actually being performed without regard to skill.

32.     Under the Responsible Wages Ordinance, the contractor and all subcontractors must permanently post the Wages and Benefits Schedule, together with a notice of the fines that may be assessed to the contractor or subcontractor for failure to pay the required wage rates, at the site where the contract work is being performed in a prominent and accessible place where it can be easily seen by the workers (the "Posting Requirement").

33.     Under the Responsible Wages Ordinance, a prime contractor and each subcontractor under it must keep accurate written records, signed under oath as true and correct, showing the names, social security numbers, and craft classifications of all employees performing work on any contract subject to the Responsible Wages Ordinance, the hours and

fractions of hours for every type of work performed by each employee, the combined dollar value of all wages, any contributions to benefit plans and payments made to each employee of the overall per hour rate required by the Responsible Wages Ordinance, and further require the prime contractor to submit to Miami-Dade County a list of all subcontractors and the names and social security numbers of all employees thereof who performed work each day on the applicable contract and further require each subcontractor to also submit to Miami-Dade County a list of the names and social security numbers of its employees who performed work each day on the contract  (the "Recordkeeping Requirement").

34.     Under the Responsible Wages Ordinance, the prime contractor for any project is responsible for compliance with the Responsible Wages Ordinance by all subcontractors and their lower tier subcontractors (the "Prime Contractor Rule").

35.     Upon information and belief, RCI was subcontracted by Coakley for the Projects.

36.     Upon information and belief, Coakley was subcontracted by MCM and Odebrecht for the Project at Miami International Airport (the "MIA Project").

37.     Upon information and belief, MCM and Odebrecht served as prime contractors for the MIA Project.

38.     Upon information and belief, Coakley was subcontracted by TAG for the Project at Anayda Elementary School (the "Anayda Project") and the Project at Northwestern High School (the "Northwestern Project").

39.     Upon information and belief, TAG served as prime contractor for the Anayda Project and the Northwestern Project.

40.     Upon information and belief, Coakley was subcontracted by Turner for the Project at Richmond Elementary School (the "Richmond Project") and for the Project at L. Saunders Elementary School (the "L. Saunders Project").

41.     Upon information and belief, Turner served as the prime contractor for the Richmond Project and the L. Saunders Project.

42.     At all times material hereto, RCI and Coakley failed, and upon notice of such failure, refused to pay Plaintiffs the wages to which they were and continue to be entitled under the Responsible Wages Ordinance, and in so doing, RCI and Coakley committed wage theft as defined by the Wage Theft Ordinance.

43.     At all times material hereto, Plaintiffs worked in excess of forty (40) hours per week, with an average of fifty (50) to sixty (60) hours worked per week.

44.     At all times material hereto, RCI and Coakley failed to compensate Plaintiffs at the rate of one and one-half times (1.5x) Plaintiffs regular rate of pay for all hours worked in excess of forty (40) hours per week.

### COUNT I
**Violation of Miami-Dade County Responsible Wages Ordinance – Ordinary Wages**

45.     Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

46.     The Prime Contractor Rule requires that the prime contractor for a project be held liable to the employees of any subcontractor for the non-payment or underpayment of wages due to said employees under the Responsible Wages Ordinance.

47.     RCI and Coakley did not comply with the Compensation Requirement, the Posting Requirement, or the Recordkeeping Requirement.

48.     MCM, Odebrecht, TAG, and Turner did not comply with the Posting Requirement or the Recordkeeping Requirement.

49.     In connection with the Projects, RCI and Coakley failed, and after notice of such failure, refused to pay Plaintiffs the required wages under the Responsible Wages Ordinance.

50.     Consequently, RCI and Coakley are liable to Plaintiffs for the non-payment and/or underpayment of the required wages under the Responsible Wages Ordinance.

51.     Pursuant to the Prime Contractor Rule, MCM and Odebrecht are also liable to Plaintiffs for RCI and Coakley's non-payment and/or underpayment of the required wages to Plaintiffs for the MIA Project.

52.     Pursuant to the Prime Contractor Rule, TAG is also liable to Plaintiffs for RCI and Coakley's non-payment and/or underpayment of the required wages to Plaintiffs for the Anayda Project and the Northwestern Project.

53.     Pursuant to the Prime Contractor Rule, Turner is also liable to Plaintiffs for RCI and Coakley's non-payment and/or underpayment of the required wages to Plaintiffs for the Richmond Project and the L. Saunders Project.

54.     Plaintiffs have suffered damages as a direct and proximate result of RCI and Coakley's non-payment and/or underpayment of the required wages due to Plaintiffs.

55.     Plaintiffs have suffered damages as a direct and proximate result of MCM, Odebrecht, TAG, and Turner's failure to cure RCI and Coakley's non-payment and/or underpayment of the required wages due to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against RCI, Coakley, MCM, Odebrecht, TAG, and Turner, jointly and severally:

a. Declaring that the acts and practices complained of herein are in violation of the Responsible Wages Ordinance.

b. Awarding Plaintiffs compensation in the amount due to them for Plaintiffs' time worked in accordance with the Responsible Wages Ordinance, in addition to any other compensation payable to them under the Responsible Wages Ordinance and any other relief this Court deems just, equitable, and proper.

### COUNT II
**Violation of Miami-Dade County Responsible Wages Ordinance – Overtime Wages**

56.     Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

57.     In connection with the Projects, RCI and Coakley failed, and after notice of such failure, refused to pay Plaintiffs the required wages under the Responsible Wages Ordinance, including overtime wages due to Plaintiffs for hours worked in excess of forty (40) hours per week.

58.     At all times material hereto, RCI and Coakley were and continue to be engaged in business in Florida and each is an "enterprise engaged in commerce" within the meaning of the FLSA.

59.     Based upon information and belief, the annual gross revenue of RCI and Coakley was and continues to be in excess of five hundred thousand dollars ($500,000) per year.

60.     At all times material hereto, RCI and Coakley were Plaintiffs' employers pursuant to 29 U.S.C § 203(d).

61.     At all times material hereto, Plaintiffs were employees of RCI and Coakley pursuant to 29 U.S.C §§ 203(e) and 207(a).

62.     The overtime wage requirements set forth in 29 U.S.C. §§ 201 *et seq.* of the

FLSA apply to RCI and Coakley.

63.     At all times material hereto, under the FLSA, RCI and Coakley have been obligated to pay Plaintiffs one and one-half times (1.5x) Plaintiffs' regular hourly rate for any hours worked in excess of forty (40) hours per week.

64.     At all times material hereto, RCI and Coakley failed to pay Plaintiffs the overtime wages to which they were and continue to be entitled under the FLSA.

65.     At all times material hereto, RCI and Coakley failed to maintain proper time records as mandated by the FLSA.

66.     The violations of the FLSA by RCI and Coakley, as described in this Complaint, were willful and intentional.

67.     RCI and Coakley have never made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

68.     Pursuant to 29 U.S.C. § 255 of the FLSA, a three (3) year statute of limitations applies to Plaintiffs' claims due to the fact that the violations of the FLSA by RCI and Coakley were willful and intentional.

69.     As a result of the willful and intentional violations of the FLSA by RCI and Coakley, Plaintiffs  have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

70.     Pursuant to the Prime Contractor Rule, MCM and Odebrecht are liable to Plaintiffs for the non-payment and/or underpayment of the required overtime wages for the MIA Project.

71.     Pursuant to the Prime Contractor Rule, TAG is liable to Plaintiffs for the non-payment and/or underpayment of the required overtime wages for the Anayda Project and the

Northwestern Project.

72.     Pursuant to the Prime Contractor Rule, Turner is liable to Plaintiffs for the non-payment and/or underpayment of the required overtime wages for the Richmond Project and the L. Saunders Project.

73.     Plaintiffs have suffered damages as a direct and proximate result of RCI and Coakley's non-payment and/or underpayment of the required overtime wages due to Plaintiffs.

74.     Plaintiffs have suffered damages as a direct and proximate result of MCM, Odebrecht, TAG, and Turner's failure to cure RCI and Coakley's non-payment and/or underpayment of the required overtime wages due to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against RCI, Coakley, MCM, Odebrecht, TAG, and Turner, jointly and severally:

a.  Declaring that the acts and practices of RCI and Coakley that are complained of herein are in violation of the overtime requirements of the FLSA.

b.  Declaring that pursuant to the Prime Contractor Rule, MCM and Odebrecht are liable to Plaintiffs for any non-payment and/or underpayment by RCI and Coakley of the required overtime wages due to Plaintiffs under the FLSA for the MIA Project.

c.  Declaring that pursuant to the Prime Contractor Rule, TAG is liable to Plaintiffs for any non-payment and/or underpayment by RCI and Coakley of the required overtime wages due to Plaintiffs under the FLSA for the Anayda Project and the Northwestern Project.

d.  Declaring that pursuant to the Prime Contractor Rule, Turner is liable to Plaintiffs for any non-payment and/or underpayment by RCI and Coakley of the required

overtime wages due to Plaintiffs under the FLSA for the Richmond Project and the L. Saunders Project.

e. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hour per workweek.

f. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award.

g. Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) of the FLSA.

h. Awarding Plaintiffs pre-judgment interest and post-judgment interest at the maximum rate allowable by law; and

i. Ordering any other further relief that this Honorable Court deems just, equitable, and proper.

## COUNT III
### Violation of FLSA – Overtime Wages

75. Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

76. At all times material hereto, Plaintiffs were employees of Thomas Maldonado, Mike Ricklick, RCI, and Coakley pursuant to 29 U.S.C §§ 203(e) and 207(a).

77. The overtime wage requirements set forth in 29 U.S.C. §§ 201 et seq. of the FLSA apply to Thomas Maldonado, Mike Ricklick, RCI, and Coakley.

78. At all times material hereto, under the FLSA, Thomas Maldonado, Mike Ricklick, RCI, and Coakley have been obligated to pay Plaintiffs one and one-half times (1.5x) of Plaintiffs' regular hourly rate for any hours worked in excess of forty (40) hours per week.

79. At all times material hereto, RCI and Coakley were and continue to be engaged in

business in Florida and each is an "enterprise engaged in commerce" within the meaning of the FLSA.

80.     In connection with the Projects, Thomas Maldonado, Mike Ricklick, RCI, and Coakley failed, and after notice of such failure, refused to pay Plaintiffs the required wages under the Responsible Wages Ordinance, including overtime wages due to Plaintiffs for hours worked in excess of forty (40) hours per week.

81.     Based upon information and belief, the annual gross revenue of RCI and Coakley was and continues to be in excess of five hundred thousand dollars ($500,000) per year, and both RCI and Coakley employ more than two (2) persons.

82.     At all times material hereto, Thomas Maldonado, Mike Ricklick, RCI, and Coakley were Plaintiffs' employers pursuant to 29 U.S.C § 203(d).

83.     At all times material hereto, Thomas Maldonado, Mike Ricklick, RCI, and Coakley failed to pay Plaintiffs the overtime wages to which they were and are entitled under the FLSA.

84.     At all times material hereto, Thomas Maldonado, Mike Ricklick, RCI, and Coakley failed to maintain proper time records as mandated by the FLSA.

85.     The violations of the FLSA by Thomas Maldonado, Mike Ricklick, RCI, and Coakley, as described in this Complaint, were willful and intentional.

86.     Thomas Maldonado, Mike Ricklick, RCI, and Coakley have never made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

87.     Pursuant to 29 U.S.C. § 255 of the FLSA, a three (3) year statute of limitations applies to Plaintiffs' claims due to the fact that the violations of the FLSA by Thomas Maldonado, Mike Ricklick, RCI, and Coakley were willful and intentional.

88.     Plaintiffs have suffered damages as a direct and proximate result of Thomas Maldonado, Mike Ricklick, RCI, and Coakley's refusal to pay Plaintiffs the required overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against Thomas Maldonado, Mike Ricklick, RCI, and Coakley, jointly and severally:

a. Declaring that the acts and practices of Thomas Maldonado, Mike Ricklick, RCI, and Coakley that are complained of herein are in violation of the overtime requirements of the FLSA.

b. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs time worked in excess of forty (40) hour per workweek.

c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award.

d. Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) of the FLSA.

e. Awarding Plaintiffs pre-judgment interest and post-judgment interest at the maximum rate allowable by law; and

f. Ordering any other further relief that this Honorable Court deems just, equitable, and proper.

## COUNT IV
### Violation of FLSA – Retaliation

89.     Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

90.     The FLSA protects employees from retaliation by their employer resulting from

15

an employee's complaints to or about the employer.

91.     The anti-retaliation provisions of the FLSA apply, without limitation, to any employee, including former employees.

92.     In or about January of 2015, Plaintiffs made their first complaint to Gayna McDonald, Compliance Officer 1, Minority Affairs Division of the Miami-Dade Aviation Department, concerning Thomas Maldonado, Mike Ricklick, RCI, and Coakley's refusal to pay Plaintiffs the compensation to which they were entitled (the "First Complaint").

93.     After the First Complaint, Thomas Maldonado, Mike Ricklick, RCI and Coakley gave each Plaintiff a pay increase of two dollars ($2) per hour, which still resulted in Plaintiffs being paid an hourly rate that was far less than the hourly rate to which they were entitled.

94.     In or about August of 2015, Plaintiffs made their second complaint to the compliance office at the Miami-Dade Aviation Department concerning Thomas Maldonado, Mike Ricklick, RCI, and Coakley's refusal to pay Plaintiffs the compensation to which they were entitled (the "Second Complaint").

95.     After the Second Complaint, Thomas Maldonado, Mike Ricklick, RCI, and Coakley no longer allowed Plaintiff Milton Parajon to work on the MIA Project and instead only gave him work which was not subject to the Responsible Wages Ordinance.

96.     In or about July of 2016, Plaintiffs made their third complaint to the compliance office at the Miami-Dade Aviation Department concerning Thomas Maldonado, Mike Ricklick, RCI, and Coakley's refusal to pay Plaintiffs the compensation to which they were entitled (the "Third Complaint").

97.      After the Third Complaint, Thomas Maldonado, Mike Ricklick, RCI, and Coakley no longer allowed Plaintiff Jerman Cooper to work on the MIA Project and instead only

gave him work which was not subject to the Responsible Wages Ordinance.

98.     After the Third Complaint, Thomas Maldonado, Mike Ricklick, RCI, and Coakley decreased Plaintiffs' work hours from approximately forty (40) to sixty (60) hours per week to approximately six (6) hours per week, thereby constructively terminating Plaintiffs' employment.

99.     Subsequent to Thomas Maldonado, Mike Ricklick, RCI, and Coakley's constructive termination of Plaintiffs employment, Thomas Maldonado, Mike Ricklick, RCI, and Coakley replaced Plaintiffs with other employees.

100.    Thomas Maldonado, Mike Ricklick, RCI, and Coakley's actions against Plaintiffs were in retaliation for the First Complaint, the Second Complaint, and the Third Complaint, all of which were made pursuant to and in accordance with Plaintiffs rights under the FLSA.

101.    Plaintiffs have suffered damages as a direct and proximate result of Thomas Maldonado, Mike Ricklick, RCI, and Coakley's retaliatory actions relating to Plaintiffs' employment in violation of the anti-retaliation provisions of the FLSA.

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against Thomas Maldonado, Mike Ricklick, RCI, and Coakley, jointly and severally:

a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the anti-retaliation provisions of the FLSA.

b. Awarding Plaintiffs all damages to which they are entitled to under 29 U.S.C §216(B), including any legal or equitable relief as may be appropriate to effectuate the purposes of the anti-retaliation provisions of the FLSA, including, if this Honorable Court deems it appropriate, the payment of lost wages and an additional equal amount as liquidated damages.

c. Ordering any further relief that this Honorable Court deems just, equitable, and proper.

## COUNT V
**Violation of Miami-Dade County Responsible Wages Ordinance – Retaliation**

102.     Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

103.     Under the Responsible Wages Ordinance, neither the contractor, nor any subcontractor on any project, may terminate an employee performing work on the contract because of such employee's filing a complaint regarding underpayment of required wage rates.

104.     In or about January of 2015, Plaintiffs made their first complaint to the compliance office at Miami-Dade Aviation Department concerning Thomas Maldonado, Mike Ricklick, RCI, and Coakley's refusal to pay Plaintiffs the compensation to which they were entitled (the "First Complaint").

105.     After the First Complaint, Thomas Maldonado, Mike Ricklick, RCI, and Coakley gave each Plaintiff a pay increase of two dollars ($2) per hour, which still resulted in Plaintiffs being paid an hourly rate that was far less than the hourly rate to which they were entitled.

106.     In or about August of 2015, Plaintiffs made their second complaint to the compliance office at the Miami-Dade Aviation Department concerning Thomas Maldonado, Mike Ricklick, RCI, and Coakley's refusal to pay Plaintiffs the compensation to which they were entitled (the "Second Complaint").

107.     After the Second Complaint, Thomas Maldonado, Mike Ricklick, RCI, and Coakley no longer allowed Plaintiff Milton Parajon to work on the MIA Project and instead only gave him work which was not subject to the Responsible Wages Ordinance.

108.     In or about July of 2016, Plaintiffs made their third complaint to the compliance office at the Miami-Dade Aviation Department concerning Thomas Maldonado, Mike Ricklick,

RCI, and Coakley's refusal to pay Plaintiffs the compensation to which they were entitled (the "Third Complaint").

109.    After the Third Complaint, Thomas Maldonado, Mike Ricklick, RCI, and Coakley no longer allowed Plaintiff Jerman Cooper to work on the MIA Project and instead only gave him work which was not subject to the Responsible Wages Ordinance.

110.    After the Third Complaint, Thomas Maldonado, Mike Ricklick, RCI and Coakley decreased Plaintiffs' work hours from approximately forty (40) to sixty (60) hours per week to approximately six (6) hours per week, thereby constructively terminating Plaintiffs' employment.

111.    Subsequent to Thomas Maldonado, Mike Ricklick, RCI, and Coakley's constructive termination of Plaintiffs employment, Thomas Maldonado, Mike Ricklick, RCI, and Coakley replaced Plaintiffs with other employees.

112.    Thomas Maldonado, Mike Ricklick, RCI, and Coakley's actions against Plaintiffs were in retaliation for the First Complaint, the Second Complaint, and the Third Complaint, all of which were made pursuant to and in accordance with Plaintiffs rights under the Responsible Wages Ordinance.

113.    Plaintiffs have suffered damages as a direct and proximate result of Thomas Maldonado, Mike Ricklick, RCI, and Coakley's retaliatory actions relating to Plaintiffs' employment in violation of the anti-retaliation provisions of the Responsible Wages Ordinance.

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against Thomas Maldonado, Mike Ricklick, RCI, and Coakley, jointly and severally:

a. Declaring that the retaliatory actions of Thomas Maldonado, Mike Ricklick, RCI, and Coakley were in violation of the anti-retaliation provision of the Responsible Wages

Ordinance.

      b. Awarding Plaintiffs damages resulting from the retaliatory actions of Thomas Maldonado, Mike Ricklick, RCI, and Coakley, in violation of the anti-retaliation provisions of the Responsible Wages Ordinance; and

      c. Awarding Plaintiffs any further relief that this Honorable Court deems just, equitable, and proper.

## COUNT VI
### Violation of Miami-Dade County Wage Theft Ordinance – Wage Theft

114.    Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

115.    In the exercise of its police power for the public safety, health, and general welfare of its residents, Miami-Dade County adopted the Wage Theft Ordinance, which is a policy to eliminate and prevent wage theft.

116.    Under the Wage Theft Ordinance, "for any employer to fail to pay any portion of wages due to an employee, according to the wage rate applicable to that employee, within a reasonable time from the date on which that employee performed the work for which those wages were compensation, shall be wage theft; and such a violation shall entitle an employee, upon a finding by a hearing examiner appointed by Miami-Dade County or by a court of competent jurisdiction that an employer is found to have unlawfully failed to pay wages, to receive back wages in addition to liquidated damages from that employer."

117.    Plaintiffs are "employees" under the Wage Theft Ordinance.

118.    Thomas Maldonado, Mike Ricklick, RCI, and Coakley are "employers" under the Wage Theft Ordinance.

119.    Thomas Maldonado, Mike Ricklick, RCI, and Coakley failed to pay a large

portion of the wages due to Plaintiffs at the wage rate applicable to Plaintiffs under the Responsible Wages Ordinance.

120.    The amount of wages owed is more than sixty dollars ($60).

121.    Plaintiffs have suffered damages as a direct and proximate result of the wage theft committed by Thomas Maldonado, Mike Ricklick, RCI, and Coakley.

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against Thomas Maldonado, Mike Ricklick, RCI, and Coakley, jointly and severally:

a. Declaring that the acts and practices complained of herein are in violation of the Wage Theft Ordinance.

b. Awarding Plaintiffs compensation in the amount due to them as a result of the wage theft perpetrated by Thomas Maldonado, Mike Ricklick, RCI, and Coakley of a portion of the wages to which Plaintiffs were entitled, in addition to liquidated damages and any other compensation which this Honorable Court deems just, equitable, and proper.

## COUNT VII
### Unjust Enrichment

122.    Plaintiffs re-allege and incorporate paragraphs one (1) through forty-four (44) as if fully set forth herein.

123.    At all material times hereto, Plaintiffs conferred a benefit on the Defendants.

124.    At all material timers hereto, the Defendants had knowledge of the benefit conferred by Plaintiffs.

125.    The Defendants accepted and retained the benefit conferred by Plaintiffs.

126.    The circumstances are such that it would be inequitable for the Defendants to retain the benefit conferred by Plaintiffs without paying fair value for it.

WHEREFORE, Plaintiffs respectfully request that a final judgment for damages be entered in their favor against Thomas Maldonado, Mike Ricklick, RCI, Coakley, MCM, Odebrecht, TAG, and Turner, jointly and severally:

a.    Awarding Plaintiffs damages for Defendants' non-payment and/or underpayment of wages to Plaintiffs; and

b. Awarding Plaintiffs any further relief that this Honorable Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Date this 1st day of November, 2017.

Respectfully submitted,

**ROZENCWAIG & NADEL, LLP**
Alexander C. Flint, Esq.
Florida Bar No. 117715
I. Albert Gonzalez, Esq.
Florida Bar No. 695971
301 W. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: (954) 455-5100
Fax: (954) 455-6500
acf@rnflaw.com
iag@rnflaw.com

/s/ Alexander C. Flint
Alexander C. Flint, Esq.

/s/ I. Albert Gonzalez
I. Albert Gonzalez, Esq.