United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Milton Parajon and Jerman Tymer, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-24007-Civ-Scola |
| Coakley Mechanical, Inc., and others, Defendants. | ) ) ) | |

### Omnibus Order on Motions to Dismiss

This matter is before the Court upon three motions to dismiss filed by the Defendants Odebrecht Construction, Inc. (ECF No. 20), Turner Construction Company (ECF No. 22), and Coakley Mechanical, Inc., RCI Air Conditioning Company, Thomas Maldonado, and Mike Ricklick (collectively, the "Coakley-RCI Defendants") (ECF No. 36). After careful consideration of the motions, all opposing and supporting submissions, and the applicable case law, the Court **grants in part and denies in part** the motions (**ECF Nos. 20, 22, 36**).

**1. Background**

This case involves a dispute over wages allegedly owed to the Plaintiffs Milton Parajon and Jerman Tymer. In the Amended Complaint (ECF No. 7), the Plaintiffs allege that Odebrecht and Turner were the prime contractors on several projects undertaken pursuant to contracts awarded by Miami-Dade County. Coakley Mechanical, Inc. served as a subcontractor for both Odebrecht and Turner, and RCI Air Conditioning Company served as a sub-subcontractor hired by Coakley Mechanical, Inc. for the relevant projects. The Plaintiffs allegedly worked for the Coakley-RCI Defendants from approximately March, 2013 until October, 2016. The Plaintiffs further allege that pursuant to the Responsible Wages Ordinance, Miami-Dade County, Fla., Code of Ordinances § 2-11.16 (2017) (the "Ordinance") (ECF No. 20-1), prime contractors and subcontractors are subject to certain duties, including paying an hourly rate and benefits according to the applicable schedule, permanently posting the schedule with accompanying notice, and keeping accurate time records of all employees performing work. Moreover, the Plaintiffs allege that pursuant to the Responsible Wages Ordinance, a prime contractor bears the ultimate responsibility for ensuring compliance by all subcontractors and sub-

subcontractors. According to the Plaintiffs, the Coakley-RCI Defendants failed to comply with the requirements of the Responsible Wages Ordinance (Counts 1-2, 5, 7) and they seek to hold Odebrecht and Turner liable for those violations as well (Counts 1-2, 7). In addition, the Plaintiffs assert claims for violation of the Fair Labor Standards Act against the Coakley-RCI Defendants (Count 4).[1] The Defendants each request dismissal of the claims asserted against them for failure to state a claim.

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court evaluates the instant motions through this lens.

### 3. Analysis

The Responsible Wages Ordinance states, in pertinent part,

> [a]ny employee of a contractor or subcontractor who performed work on a contract subject to this section, may instead of adhering to the County administrative procedure set forth in this section but not in addition to such procedure, bring an action by filing suit against the contractor or subcontractor in any court of competent jurisdiction to enforce the provisions of this Chapter and may be awarded back pay, benefits, attorney's fees, costs.

Miami-Dade County, Fla., Code of Ordinances § 2-11.16(k) (2017). This language was added to the Responsible Wages Ordinance through Ordinance No. 16-88, which was passed and adopted on September 7, 2016. (*See* ECF 57-

---

[1] In Count 3, the Plaintiffs assert a claim for violation of the overtime wage provisions of the FLSA, for which the Coakley-RCI Defendants do not seek dismissal. In addition, in their response to the Coakley-RCI Defendants' motion to dismiss, the Plaintiffs agree to dismissal of Count 6. (*See* ECF No. 57 at 13.)

3); *see also* http://www.miamidade.gov/cob/library/Registry/Ordinances/Board-of-County-Commissioners/2016/16-88.pdf.

### A. The Ordinance does not apply retroactively

The Coakley-RCI Defendants argue that Counts 1 and 5 asserting violations of the Responsible Wages Ordinance for unpaid wages and retaliation should be dismissed because the amendment does not apply retroactively to give rise to a cause of action for violations occurring before the amendment. "The question of whether a statutory change in the law should be applied retroactively is governed by state law." *Rivera v. Wal-Mart Stores E., LP,* No. 3:10-cv-956-J-20TEM, 2011 WL 7575393, at *2 (M.D. Fla. Jan.13, 2011) (citing *Turner v. United States,* 514 F.3d 1194, 1199 n.3 (relying upon Florida law to determine retroactive application of Florida statutory amendment)). "The presumption against retroactive application is a well-established rule of statutory construction that is appropriate in the absence of an express statement of legislative intent." *Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc.,* 67 So. 3d 187, 195 (Fla. 2011).

The Court employs the same framework when interpreting a statute or ordinance. "[W]ith any question of statutory interpretation, [the Court] begins by examining the text of the statute to determine whether its meaning is clear." *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002) (internal citations omitted). "When the language of a statute is unambiguous, we need go no further, because we must presume that Congress said what it meant and meant what it said." *In re Paschen*, 296 F.3d 1203, 1207 (11th Cir. 2002) (quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (internal quotations omitted)). "The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Id.* (quoting *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242 (1989)

In support of their contention that subsection (k) of the Ordinance should apply retroactively, the Plaintiffs urge the Court to read it in conjunction with subsection (f), which states, "[t]his section shall not apply to any contract for which authority to advertise for bids has been obtained prior to the effective date of this section [Ordinance 90-90]." According to the Plaintiffs, subsection (f) indicates Miami-Dade County's ability to clearly and explicitly exclude retroactive application, and that in the absence of such language, the Court should hold that subsection (k) applies retroactively. However, the Plaintiffs' argument turns the Court's inquiry on its head. The Court looks at the plain text of an ordinance or statute to assess evidence of retroactive intent. *West Palm Gardens Villas Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.,* No. 11-23912-Civ, 2012 WL 3017083, at *4 (S.D. Fla. June

25, 2012) (Scola, J.). In this case, the plain text of the Ordinance does not demonstrate an expressly stated clear legislative intent for subsection (k) to apply retroactively. Indeed, subsection (f) supports the exact opposite conclusion than the one the Plaintiffs advance – had the County intended that subsection (k) apply retroactively, it could have so stated. Therefore, to the extent that the Plaintiffs are seeking relief for violations occurring prior to the enactment of subsection (k), those claims are properly dismissed.

The Plaintiffs next argue that the Responsible Wages Ordinance has nevertheless always contained an implied private right of action. However, the Plaintiffs' argument is inconsistent with this Court's interpretation of prior versions of the Ordinance. *See Reinoso v. AGC Consulting Civil Eng'rs*, No. 12-23461-Civ, 2015 WL 12533085, at *4 (S.D. Fla. Oct. 7, 2015) (Altonaga, J.); *Calderon v. Form Works/Baker JV, LLC*, No. 2013 WL 12086651, at *4 (S.D. Fla. Dec. 12, 2013) (Altonaga, J.), *rev'd on other grounds sub nom. Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807 (11th Cir. 2014). Therefore, the Court does not interpret the Ordinance to contain an implied private right of action.

### B. The Ordinance does not encompass overtime wages

The Coakley-RCI Defendants also request dismissal of Count 2 for unpaid overtime wages, arguing that the Ordinance does not encompass claims for overtime wages. The Plaintiffs suggest that, in addition to the express language of the Ordinance, the Court should consider the applicable Supplemental General Conditions (ECF No. 56-1), which state that "the hourly rate paid must equal the sum of the base rate and the fringe benefit rates listed for that classification in the Wage and Benefits Schedule" and that "[i]n the event of non-payment or underpayment of the required wages, the prime contractor shall be liable to the underpaid employees of the subcontractor for the amount of each underpayment." Supp. Gen. Conditions at §§ 1.A., 4. However, the Ordinance itself is silent with respect to the payment of overtime wages, and in addition, the Supplemental General Conditions do not include overtime wages as fringe benefits, nor do the Wages and Benefits Schedule mention overtime wages. *See id.* § 1.B. ("Payments made to health insurance companies for hospitalization and medical costs, to dental insurance companies for dental costs, retirement plans, and life insurance companies for life insurance are fringe benefits."). As a result, Count 2 fails to state a claim for violation of the Responsible Wages Ordinance.

### C. The Ordinance does not provide a right of action against Odebrecht or Turner

In their motions, Odebrecht and Turner further argue that Count 1 should be dismissed against them, because the Plaintiffs do not allege that they were employees of Odebrecht or Turner, but only of the Coakley-RCI

Defendants. In response, the Plaintiffs concede that they were not employed by Odebrecht or Turner, but argue that Odebrecht and Turner are nevertheless liable to them through an implied private right of action, relying upon language in the Supplemental General Conditions which states that "[t]he prime contractor will be responsible for compliance by all subcontractors and their lower tier subcontractors . . . [and i]n the event of non-payment or underpayment of the required wages, the prime contractor shall be liable to the underpaid employees of the subcontractor for the amount of each underpayment." Supp. Gen. Conditions § 4. The Plaintiff urges the Court to read the Responsible Wages Ordinance in conjunction with the Supplemental General Conditions to imply a cause of action against Odebrecht and Turner, the prime contractors, for the non-payment of wages by the Coakley-RCI Defendants. However, the Court has already declined to interpret the Ordinance as containing an implied right of action prior to amendment in 2016.

In addition, as previously stated, the language of the Ordinance is unambiguous, in that employees of contractors and employees of subcontractors may file suit against the contractor or subcontractor to enforce the provisions of the Ordinance. The language from the Supplemental General Conditions relied upon by the Plaintiffs is informative with respect to the ultimate responsibility for payment of wages in a contractor-subcontractor relationship, but it does not alter the plain language of the Ordinance, which restricts the express private right of action to employees. Moreover, the Conditions also specifically state that "[i]n the event of underpayment of the required wage rates, the contractor shall be liable to the underpaid **employee** for the amount of such underpayment." *Id.* § 2.A. (emphasis added). Accordingly, the Plaintiffs fail to state a claim in Count 1 against Odebrecht and Turner.

As the Court has already determined that the Ordinance does not encompass claims for overtime wages, the Court does not consider Odebrecht's and Turner's arguments with respect to the dismissal of Count 2.

### D. The Plaintiffs sufficiently state a claim for FLSA retaliation

The Coakley-RCI Defendants argue that the FLSA retaliation claim asserted in Count 4 should be dismissed because the Plaintiffs allege that they were terminated after they filed complaints for violations of the Ordinance, not for violations of the FLSA.

The FLSA protects persons against retaliation for asserting their rights under the statute. *See* 29 U.S.C. § 215(a)(3). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) []he engaged in activity protected under the act; (2) []he subsequently suffered

adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir.1997) (internal alterations and quotations omitted)). "Unlike the complex antitrust scheme at issue in *Twombly* . . . , the requirements of a FLSA violation are quite straightforward." *U.S. Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Extensive pleading is not required in the context of a FLSA claim and such claims require compliance with Rule 8 only. *Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (Scola, J.).

In the complaint, the Plaintiffs allege that the Coakley-RCI Defendants failed to compensate them time and a half for hours worked in excess of forty hours per week. In addition, the Plaintiffs allege three separate instances in which they complained about the Coakley-RCI Defendants' failure to properly compensate them, and a resulting reduction in work hours ultimately resulting in replacement. As such, the Plaintiffs sufficiently state a claim for FLSA retaliation against the Coakley-RCI Defendants.

### E. The Plaintiffs may plead unjust enrichment in the alternative

Odebrecht, Turner, and the Coakley-RCI Defendants argue that the Plaintiffs' unjust enrichment claim in Count 7 fails because such claims are preempted by the FLSA, and because the Plaintiffs have an adequate remedy at law. In response, the Plaintiffs maintain that they may assert a claim for unjust enrichment against Odebrecht and Turner, as they have not asserted a FLSA claim against either, and that their unjust enrichment claim may be alternatively pled against the Coakley-RCI Defendants.

As the parties point out, there is case law to support both positions. *Compare Bule v. Garda CL SE, Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July, 14, 2014) (Moreno, J.) (dismissing unjust enrichment claim where the claim was duplicative of FLSA claim) *with Botting v. Goldstein*, No. 15-cv-62113, 2015 WL 10324134, at *3 (S.D. Fla. Dec. 18, 2015) (Bloom, J.) (denying motion to dismiss unjust enrichment claim pled in the alternative). Upon review, and based upon the circumstances in this case, the Court will not dismiss the unjust enrichment claim. This case more closely resembles *Botting*, in which the plaintiffs, as the Plaintiffs here, pled an unjust enrichment claim in the alternative in the event that their FLSA claim failed. Indeed, under the Federal Rules, a plaintiff may allege arguably inconsistent theories in the alternative. *See, e.g., Wiand v. EFG Bank*, No. 8:10-CV-241-T-17MAP, 2012 WL 750447, at *8 (M.D. Fla. Feb. 8, 2012) (denying motion to dismiss unjust enrichment claim because "alternative pleading is permitted by the Federal

Rules of Civil Procedure"); *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) (King, J.) ("Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief."). Ultimately, a plaintiff may not recover under both legal and equitable theories; however, there is no basis for dispensing with the Plaintiffs' unjust enrichment claim at the motion to dismiss stage. *See Muzuco v. Re$ubmitIt, LLC*, No. 11-62628-Civ, 2012 WL 3242013, at *8 (S.D. Fla. Aug. 7, 2012) (Scola, J.).

### 4. Conclusion

Accordingly, the Court **grants in part and denies in part** the motions to dismiss (**ECF Nos. 20, 22, 36**). To the extent that the Plaintiffs premise their Responsible Wages Act claims in Counts 1 and 5 upon alleged violations prior to September 7, 2016 and the addition of subsection (k), the Coakley-RCI Defendants' motion is granted, and Counts 1 and 5 are dismissed without prejudice. With respect to Odebrecht and Turner, Count 1 is dismissed with prejudice. Count 2 is dismissed with prejudice as to all Defendants. With respect to Counts 4 and 7, the motions are denied. The Plaintiffs may file a second amended complaint, **on or before May 1, 2018**. If the Plaintiffs file a second amended complaint, the Defendants shall file their response **on or before May 8, 2018**.

**Done and ordered** at Miami, Florida, on April 23, 2018.

Robert N. Scola, Jr.
United States District Judge